UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2010-74 (WOB)

COLONY NATIONAL INS.
CO.                                                    PLAINTIFF

VS.            MEMORANDUM OPINION AND ORDER

SORENSON MEDICAL,
INC., ET AL.                                          DEFENDANTS

This is a declaratory judgment action concerning insurance coverage for product liability and related claims brought against defendants[1] in separate lawsuits. The full facts of this matter have been set forth in a prior opinion of this Court, and this Memorandum Opinion and Order assumes familiarity therewith. *See* Doc. 76.

This matter is presently before the Court on Sorenson's motion for leave to file supplemental counterclaims against Colony National. (Doc. 87). The Court concludes that oral argument is unnecessary to the resolution of this motion.

---

[1] Although there are disputes as to which of the individual entities are "insureds" under the policies in question, for present purposes the Court will simply refer to defendants collectively as "Sorenson."

*Factual Background*

A brief factual overview and update provides the backdrop for the pending motion.

Colony National, Sorenson's excess insurance carrier, filed this declaratory judgment action on April 2, 2010, seeking a declaration that it owed no duty to defend or indemnify Sorenson in relation to claims filed against Sorenson involving its manufacture and sale of certain pain pumps which were implanted in the shoulder joints of patients following surgery. (Doc. 1). Shortly before filing this case, Colony had paid, under a reservation of rights, approximately $3.5 million to help fund settlements in several of the pain pump cases pending in this Court.

On December 12, 2011, this Court issued its coverage decision, holding, as relevant here:

- Colony was estopped from asserting the defense of rescission and/or had waived the right to assert it; and

-   The *Cornett*, *Morgan*, *Voges*, and *Wera* claims are not covered under the policies because they do not satisfy the "claims made and reported" requirement. Further, they do not count towards the erosion of the underlying policy limits, and Colony is not estopped from asserting this defense.

(Doc. 76).

Eight days after the Court issued this opinion, counsel for Colony sent Sorenson's counsel a letter, stating that:

- Given the total amount of the settlements and fees incurred in connection with the *Cornett*, *Morgan*, *Voges*, and *Wera* claims -- which this Court held were not covered -- Sorenson "must reimburse Colony the approximately 4.375 million that Colony has advanced to date, and incur an additional $2.68 million in defense and indemnity obligations [under the Year One policy] before any duty on the part of Colony is triggered;" (Doc. 87-2 at 3);[2] and

- Claims made and reported under the Year Two primary policy are covered (if at all) under that policy and are subject to a $250,000 per claim deductible. Thus, "in addition to demonstrating that they have funded the uninsured gap recognized by the Court, the Sorenson entities must establish that both the $10 million underlying limits and the $250,000 per claim deductible have been in connection with the [Year Two] claims before the Colony [excess] policy is potentially triggered." (*Id.*).

Counsel for Sorenson responded, in pertinent part, that:

- It disagreed with Colony's calculation of the uninsured "gap" in coverage because some of the settlement monies for the four uncovered claims came from sources other than the primary carrier (Doc. 87-3 at 3);

- Even if Colony had some right of reimbursement for funds it advanced for Year One claims which this Court ultimately held were not covered (which Sorenson disputes), such a right does not alter Colony's obligation to cover Year Two claims. That is, "Sorenson expects Colony to assume its defense upon the exhaustion of the [primary] Year Two

---

[2] The parties refer to these amounts as the "uninsured gap."

3

>policy, whether or not the Year One gap has been funded." (*Id.*).

Colony replied that the parties would have to "agree to disagree" with regard to "whether those advanced sums will be available to Colony as a setoff in connection with any claims covered under the [Year Two] policy . . ." (Doc. 87-4 at 1).

On November 14, 2012, a federal court in Utah hearing a dispute between Sorenson and its primary carrier held that Sorenson was entitled to coverage for Year Two claims under its Year Two primary policy, thereby leaving the Colony Year Two excess policy in play once the underlying Year One limits were exhausted.

On March 28-29, 2013, United States Magistrate Judge J. Gregory Wehrman held a settlement conference in this matter, in advance of which the primary carrier tendered its Year Two policy limits, subject to its right to further litigate the Utah coverage dispute. Upon being informed by Sorenson of this fact, Colony responded by email on March 27, the day before the settlement conference:

>As concerns the duty to indemnify, Colony remains prepared to fund [Year Two] claims against its insureds, subject to the prior reservations, in excess of the per claim SIR, in excess of the [primary] policy, **and in excess of the $4.2 advance/set-off that Colony has already paid. . .** I understand that we are not in agreement on all aspects of these issues, but those continue to be our positions.

4

(Doc. 87-5 at 1) (bold added).

Sorenson asserted that Colony had no right to reimbursement under Utah law and, even if it did, such a right arising under the Year One policy would not excuse Colony's performance of its contractual obligations under the Year Two policy. (Doc. 88-4). Sorenson thus demanded that Colony settle all remaining claims, since the underlying policy limits and deductibles would have been exhausted by the outstanding settlement offers. Colony refused, however, stating that its reimbursement claim was subject to Kentucky, rather than Utah, law and was thus valid. (Doc. 88-5). Colony further stated that, regardless of which state's law was applied, Colony had a contractual right of set-off because Sorenson breached its contractual obligation to fund claims within its deductibles. (*Id.*).

On April 29, 2013, the Sorenson defendants filed the present motion for leave to file supplemental counterclaims for declaratory relief, breach of contract, and bad faith in relation to Colony's conditioning payment under the Year Two policy on Sorenson's reimbursement of amounts Colony paid on Year One claims. (Doc. 87). Colony opposes this motion. (Doc. 88).

5

*Analysis*

Fed. R. Civ. P. 13(e) provides that the "court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."

"A supplemental pleading is different from an amended pleading because an amended pleading relates to matters which occurred prior to the filing of the original pleading and entirely replaces such pleading; a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Princesse D'Isenbourg et Cie. Ltd. v. Caviar*, Civil Action No. 3:09-29-DCR, 2012 WL 258567, at *1 (E.D. Ky. Jan. 27, 2012) (internal quotations and citation omitted).

Whether to grant a motion to file a supplemental pleading is within the discretion of the Court, and the Court may consider the same factors that apply to motions filed pursuant to Rule 15(a), such as undue delay, bad faith, or dilatory motive. *Id.*

Colony opposes Sorenson's motion on two grounds: undue delay and futility.

**A.    Undue Delay**

Colony argues that Sorenson has been on notice of Colony's position as to reimbursement since December 29, 2011, just after this Court issued its coverage opinion and when Colony sent Sorenson's counsel a letter setting forth its position that reimbursement was a pre-condition to Colony paying any further amounts under its policies. This argument is unavailing.

First, Sorenson's claims for breach of contract and bad faith relating to Colony's refusal to provide coverage for Year Two claims could not accrue until it was determined that: (1) the underlying policy limits of the primary policy could be exhausted; (2) those limits actually were exhausted; and (3) upon such exhaustion, Colony refused to provide coverage for Year Two claims presented to it by Sorenson.

The first of these contingencies turned on the Utah litigation in which the Court held that the primary carrier had improperly taken the position that certain Year Two claims "related back" and fell within coverage of the underlying Year One policy. This did not occur until the Utah Court issued its decision on November 14, 2012.

Notably, had the Utah Court ruled to the contrary, the result would have been that the limits of the underlying

7

Year Two policy would never have been exhausted, and Colony's excess Year Two policy would never be triggered. In that scenario, the claims that Sorenson now seeks to assert would not exist.

Second, even with this ruling in hand, Sorenson was not in a position to tender Year Two claims to Colony until the underlying Year Two limits were exhausted. This did not occur until the March 2013 mediation when the primary carrier tendered its policy limits and settlement offers were made that exceeded those limits.

It was only upon such exhaustion that Colony actually refused excess coverage under its Year Two policy on the grounds discussed herein. Sorenson then promptly filed the present motion to file its counterclaims arising out of that denial. Colony's assertion of "undue delay" is thus unpersuasive.

B.  **Futility**

Colony's second argument is futility, *i.e.*, that the proposed supplemental counterclaims fail on their merits because Colony is entitled to reimbursement of the amounts it paid in settlement of claims that this Court later held not to be covered.

Colony's first assertion in support of this position is that the proposed counterclaims are governed by Kentucky

8

law. (Doc. 88 at 5) ("While Utah law governs the rescission and policy claims, Kentucky law governs the equitable rights and remedies arising out of the settlement of the Kentucky pain pump cases."). This assertion is clearly incorrect.

Sorenson's proposed counterclaims do not arise out the "settlement" of the pain pump cases; they arise out of Colony's *refusal to provide coverage* for those settlements under its Year Two excess policy. This is nothing more than a garden-variety breach of contract claim arising out of the insurance policy itself, which all parties previously agreed is governed by Utah law. *See* Doc. 76 at 16.[3]

Under Utah law, "an insurer's right to reimbursement from an insured must be expressly provided in an insurance policy before it can be enforced." *U.S. Fidelity and Guarantee Co. v. U.S. Sports Specialty Ass'n*, 270 P.3d 464, 468 (Utah 2012). There is no such express provision in the Colony policies, and Sorenson's counterclaims are thus not futile on this ground.

---

[3] *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257 (6th Cir. 2010), in which the Sixth Circuit predicted how Kentucky courts would answer the reimbursement question, is thus inapplicable.

9

Second, Colony erroneously asserts that it has a contractual basis for reimbursement based on Sorenson's failure to pay deductibles under the primary policy for several claims. As Sorenson notes, it was the primary carrier that construed these claims – wrongfully, as the Utah Court held -- as "relating back" and falling only within the Year One primary policy, which carried no deductible.

Finally, Colony quotes language from the underlying primary policy that provides for reimbursement. Of course, Colony is not a party to that policy, and any right to reimbursement held by the primary carrier does not inure to Colony's benefit where its own policy -- a separate contract with Sorenson -- contains no such language.

Sorenson's motion to file the proposed supplemental counterclaims is thus not flawed for either undue delay or futility, and the Court will thus permit the counterclaims to be filed.

Therefore, having reviewed this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that Sorenson's motion for leave to file supplemental counterclaims against Colony National (Doc. 87) be, and is hereby, **GRANTED**. The supplemental

counterclaims tendered with that motion (Doc. 87-1) be, and are hereby, **DEEMED FILED CONCURRENTLY HEREWITH.**

This 25th day of July, 2013.



Signed By:
William O. Bertelsman  WOB
United States District Judge